**FILED**

**OCT 2 1 2019**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

| | |
|---|---|
| RAYMOND STINDE | Case Number: 19-1140- NJR |
| | *(Clerk's Office will provide)* |
| *Plaintiff(s)/Petitioner(s)* | |
| v. | ☒ CIVIL RIGHTS COMPLAINT |
| LT. JOSHUA SCHOENBECK, C/o MARI- | pursuant to 42 U.S.C. §1983 (State Prisoner) |
| VON T. AMPIER, GRIEVANCE OFFICE. | ☐ CIVIL RIGHTS COMPLAINT |
| JANE or JOHN DOE, WARDEN FRANK | pursuant to 28 U.S.C. §1331 (Federal Prisoner) |
| LAWRENCE, SHIELA RAMSEY | ☐ CIVIL COMPLAINT |
| *Defendant(s)/Respondent(s)* | pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680, or other law |

## I.   JURISDICTION

**Plaintiff:** RAYMOND STINDE R34993

A.   Plaintiff's mailing address, register number, and present place of confinement.

P.O. BOX 1000
MENARD, IL.
62259

**Defendant #1:**

B.   Defendant LIEUTENANT JOSHUA SCHOENBECK is employed as
   (a)   (Name of First Defendant)

LIEUTENANT/ADJUSTMENT COMMITTEE CHAIR PERSON
   (b)   (Position/Title)

with MENARD CORRECTIONAL CENTER AT P.O. BOX
   (c)   (Employer's Name and Address)

1000 MENARD, IL. 62259

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: HE IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

Rev. 7/20/18                                    1

**Defendant #2:**

C.    Defendant MARIVON T. AMPIER is employed as

(Name of Second Defendant)

CORRECTIONAl OFFICER AND WAS A ADJUSTMENT COMMITTEE CHAIRPERSON. (Position/Title)

with MENARD CORRECTIONAl CENTER AT P.O. BOX

(Employer's Name and Address)

1000, MENARD, IL. 62259

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain: SHE IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

DEFENDANT #3 JANE OR JOHN DOE IS EMPLOYED AS A GRIEVANCE OFFICER OR OFFICE COORDINATOR WITH MENARD CORRECTIONAl CENTER AT P.O. BOX 1000, MENARD, IL. 62259. DEFENDANT #3 IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTION.

DEFENDANT #4 FRANK LAWRENCE IS EMPLOYED AS THE WARDEN/CHIEF ADMINISTRATIVE OFFICER WITH MENARD CORRECTIONAl CENTER AT P.O. BOX 1000, MENARD, IL. 62259. DEFENDANT #4 IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

DEFENDANT #5 SHIELA RAMSEY IS EMPLOYED AS A OFFICE COOR-
DINATOR WITH MENARD CORRECTIONAL CENTER AT P.O. BOX 1000
MENARD, IL. 62259. DEFENDANT #5 IS EMPLOYED BY THE ILLINOIS
DEPARTMENT OF CORRECTIONS.

2B.

## II. PREVIOUS LAWSUITS

A.      Have you begun any other lawsuits in state or federal court while you
were in prison or jail (during either your current or a previous time in prison or
jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. §
1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☒Yes ☐No

B.      If your answer to "A" is YES, describe each lawsuit in the space below. If
there is more than one lawsuit, you must describe the additional lawsuits
on another sheet of paper using the same outline.  You must list ALL
lawsuits in any jurisdiction, including those that resulted in the assessment
of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed
for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. §
1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).
FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY,
INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT
INCLUDE DISMISSAL OF THIS ACTION.

1.      Parties to previous lawsuits:
Plaintiff(s):   STINDE

VS

Defendant(s): CARNAHAN
                        ET. AL.

STINDE

VS

TARR
          ET. AL.

2.      Court (if federal court, name of the district; if state court, name of
the county):  FEDERAL COURT (NORTHERN DISTRICT)

3.      Docket number:  1:09-CV-07343 & 1:15-CV08309

4.      Name of Judge to whom case was assigned:
                        LINDBERG & KENNELLY

5.      Type of case (for example: Was it a habeas corpus or civil rights
action?):  CIVIL RIGHTS 1983

6.      Disposition of case (for example: Was the case dismissed? Was it
appealed? Is it still pending?):  BOTH CASES DISMISSED
WITHOUT PREJUDICE.

7.      Approximate date of filing lawsuit:

STINDE
VS    = 12/14/09
TARR

STINDE
VS    = 9/21/15
CARNAHAN

3

8.      Approximate date of disposition:

STENDE vs ~~(XXX)~~ 6-10-11 / STENDE vs 12-15-15
TARR ET.AL / CARNAHAN ET.AL.

9.      Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

BOTH SUITS WERE DISMISSED WITHOUT PREJUDICE.

## III.    GRIEVANCE PROCEDURE

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes  ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?          ☒ Yes  ☐ No

C.    If your answer is YES,
1.    What steps did you take? I FILED MY GRIEVANCE AND THE GRIEVANCE OFFICE RECIEVED IT, THEN IT CAME UP MISSING. HAD I FILED ANOTHER IT WOULD OF BEEN TIME BARRED AND GOT REJECTED. I WROTE THE ADMINISTRATIVE REVIEW BOARD AND TOLD THEM WHAT HAPPENED AND MADE THEM ~~bing~~ AWARE OF MENARD CONDUCT.

2.    What was the result? THE GRIEVANCE OFFICE CLAIMED I BASICALLY DIDN'T FILE A GRIEVANCE. WHEN I HAVE DOCUMENTS STATING THERE OFFICE RECIEVED MY GRIEVANCE. AT THIS POINT HAD I WOULD OF FILED ANOTHER GRIEVANCE IT WOULD BE TIME BARRED & REJECTED.

D.    If your answer is NO, explain why not.



E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?         ☐ Yes  ☐ No

F.    If your answer is YES,
1.    What steps did you take?



2.    What was the result?

IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you
feel your constitutional rights were violated. Do not include legal
arguments or citations. If you wish to present legal arguments or
citations, file a separate memorandum of law. If you intend to allege a
number of related claims, number and set forth each claim in a
separate paragraph. If your claims relate to prison disciplinary
proceedings, attach copies of the disciplinary charges and any
disciplinary hearing summary as exhibits. You should also attach any
relevant, supporting documentation.

I BRING FOURTH THIS CLAIM UNDER 42 U.S.C. 1983
WITH VIOLATIONS OF THE EIGTH AMENDMENT, 14th AMENDMENT
DUE PROCESS, THE AMERICANS WITH DISIBILITIES ACT, 42 USC
AND THE REHABILITATION ACT, 29 U.S.C.

1.) ON 7-11-19 I RECIEVED A DISCIPINARY REPORT
FROM CORRECTIONAL OFFICER BRANDON JUSTICE AT PINCKNEYVILLE
CORRECTIONAL CENTER, SEGREGATION UNIT, AT APPROX. 10:05 AM
FOR 102b-ASSAULT.

2.) CORRECTIONAL OFFICER JUSTICE ALLEGED PLAINTIFF
HAD THROWN URINE ON HIM.

3.) AT APPROX. 2 or 3 PM PLAINTIFF WAS SUBQUENTLY
TRANSFERRED TO MENARD CORRECTIONAL CENTER THE SAME DAY
OF 7-11-19.

4.) PLAINTIFF SUFFERS AND HAS BEEN DIAGNOSED WITH
A SERIOUS MENTAL ILLNESS AND WAS GIVEN A COPY OF HIS DIS-
CIPINARY REPORT WHICH STATED ON THE REPORT SMI ON THE
TOP OF THE DISCIPLINARY REPORT MEANING THE OFFENDER
HAS A SERIOUS MENTAL ILLNESS.

5.) ON 7-16-19 I WENT IN FRONT OF THE ADJUSTMENT
COMMITTEE CHAIRPERSONNEL BEING LIEUTENANT JOSHUA SCHOEN-
BECK AND MARIVON T. AMPIER AND WAS FOUND GUILTY
OF 102b-ASSAULT.

Rev. 7/20/18        - PAGE 5 -

6.) THE ADJUSTMENT COMMITTEE GAVE PLAINTIFF THE MAXIUM PENALTIES ON 3 MONTHS SEGREGATION, 3 MONTHS C-GRADE, 3 MONTHS COMMISARY RESTRICTION, 6 MONTHS CONTACT VISITS RESTRICTION. ALL SANCTIONS A NORMAL OFFENDER WOULD RECIEVE FOR AN GUILTY FINDING.

7.) THE CHIEF ADMINISTRATIVE OFFICER APPROVED OF THESE SANCTIONS WARDEN FRANK LAWRENCE ON 7-24-19.

8.) MENTAL HEALTH PROFESSIONALS CONDUCT A WELLNESS CHECK AT EACH OFFENDERS SEGREGATION CELL ON WEDNESDAY MOURNING AND UPON REQUEST YOU CAN RECIEVE YOUR SEGREGATION RELEASE DATE AND THIS IS HOW I FOUND OUT THE COMMITTEE GAVE ME 3 MONTHS SEGREGATION.

9.) ON 7-30-19 I RECIEVED MY ADJUSTMENT COMMITTEE FINAL SUMMARY AND AFTER CAREFULLY REVIEWING MY ADTUSTMENT COM-MITTEE FINAL SUMMARY THE ADJUSTMENT COMMITTEE FAIL TO REFLECT THAT I HAVE A SERIOUS MENTAL ILLNESS IN ITs REPORT AND IT FAILED TO CONTACT ANY MENTAL HEALTH PROFESSIONAL SO THAT THEY COULD MAKE THE NEEDED RECOMMANDATIONS ON PLAINTIFFS BEHALF REGUARDING PLAINTIFFS ILLNESS DEPRIVING PLAINTIFF OF HIS DUE PROCESS.

10.) THE DISCIPINARY REPORT BEFORE THEM CLEARLY SHOWED AND STATED I WAS S.M.I (SERIOUS MENTAL ILLNESS) AND THEY PURPOSELY DISREGUARDED IT TO GIVE ME MAXIMUM PENALTIES.

11.) ON AND AROUND AUGUST 12th I PUT IN THE MAIL TO THE GRIEVANCE OFFICE MY GRIEVANCE WITH THE DISCIPINARY RE-PORT ATTACHED AND THE ADJUSTMENT COMMITTEE FINAL SUMMARY STATING THAT THE ADJUSTMENT COMMITTEE DEPRIVED ME OF MY RIGHTS AS THEY FAILED TO CONTACT MENTAL HEALTH AS I AM S.M.I AND HAVE A SERIOUS MENTAL ILLNESS AND THAT I WAS GIVEN MAX SANCTIONS.

12.) ON 8-13-19 OFFICE CORDINATOR Ms. SHEILA RAMSEY WROTE ME BACK STATING THAT THE GRIEVANCE OFFICE RECIEVED MY GRIEVANCE # 123-8-19 FOR OFFENDER DISCIPINARY REPORT ON 7-11-19, GRIEVANCE DATED 7-28-19, AND THAT IT WAS FORWARD TO THE GRIEVANCE OFFICER FOR RESPONSE. (EXHIBIT 1)          (EXHIBIT 2)

13.) ON 9-26-19 I WRITE THE GRIEVANCE OFFICE CALLING FOR THE SANCTIONS TO BE EXPUNGED THAT THE ADJUSTMENT COMMITTEE GAVE ME DUE TO THEM DEPRIVING ME OF MY DUE PROCESS AND SOMEONE FROM THE GRIEVANCE OFFICE WROTE IN RED ON 9-30-19 THAT THE DISCIPINARY REPORT IS OUT OF TIMEFRAME AND NOT SUBMITTED ON PROPER GRIEVANCE FORM BASICALLY SAYING I DONT HAVE A GRIEVANCE IN ON THE

ISSUE MY GRIEVANCE AND WILL GIVE AN RESPONSE TO IT.

14.) I THEN SENT THE ADMINISTRATIVE REVIEW BOARD A LETTER AND GRIEVANCE OFFICE STATING WHAT THE MENARD GRIEVANCE OFFICE IS DOING AND THEREFORE CAUSING ME TO RESUBMIT MY GRIEVANCE KNOWING IT WILL ~~GET~~ BE REJECTED DUE TO NOT SUBMITTING IN THE TIME FRAME AS YOU HAVE 60 DAYS FROM DATE OF INCIDENT TO FILE A GRIEVANCE. A COPY OF THE LETTER IS DEEMED (EXHIBIT 3).

15.) THE GRIEVANCE OFFICE KNEW THEY ~~CAN/IS~~ WAS GOING TO HAVE TO EXPUNGE ALL SANCTIONS GIVEN TO PLAINTIFF AND IS WHY THEY HAVE PURPOSELY LOST MY GRIEVANCE, DISCIPLINARY REPORT, AND ADJUSTMENT COMMITTEE FINAL SUMMARY.

16.) PLAINTIFF IS UNABLE TO PROVIDE THE COURT WITH THE DISCIPLINARY REPORT AS PLAINTIFF HAD TO ATTACH IT TO THE GRIEVANCE THAT THE DEFENDANTS DID SOMETHING WITH AND PLAINTIFF IS INDIGENT AND THE RECORD OFFICE WONT ALLOW PLAINTIFF TO GET COPIES OF IT OUT HIS MASTERFILE WITHOUT PAYING FOR IT, (EXHIBIT 4).

17.) PLAINTIFF RECIEVED AN EXTRA COPY OF THE ADJUSTMENT COMMITTEE FINAL SUMMARY REPORT THROUGH THE MAIL BUT ITS NOT THE ONE ATTACHED WITH THE GRIEVANCE AND DISCIPLINARY REPORT, (EXHIBIT 5)

18.) I RESPECTFULLY ASK THE COURT TO ALLOW PLAINTIFF TO PROCEED ON CLAIM DUE TO DEFENDANTS NEGLIGENCE AND HANDLING OF MISSING GRIEVANCE IN THERE POSSESSION AS EXHIBIT 1 DEMONSTRATES I DID WHAT I WAS SUPPOSE TO PROCEDURALLY.

19. I RESPECTFULLY ASK THE COURT TO EXCUSE PLAINTIFF FROM THE GRIEVANCE PROCESS BECAUSE EVEN IF I FILE A GRIEVANCE NOW IT WOULD BE REJECTED BY BOTH, THE GRIEVANCE OFFICE AND THE ADMINISTRATIVE REVIEW BOARD DUE TO PLAINTIFF NOT FILING IT WITHIN 60 DAYS OF INCIDENT, NOW THAT DEFENDANT HAVE DONE SOMETHING WITH IT.

20.) DEFENDANTS WERE DELIBERATE INDIFFERENCE TO PLAINTIFFS MEDICAL NEED AS HE IS UNDER THE CARE OF MENTAL HEALTH FOR HIS SERIOUS MENTAL ILLNESS WHEN THEY FAILED TO CONTACT MENTAL HEALTH AND THIS OFFENDER GIVEN 90 DAYS SEGREGATION.

21.) THE EFFECTS OF SEGREGATION ON SOMEONE THAT HAS A SERIOUS MENTAL ILLNESS IS ONE THAT IS NEGETIVE AS TESTIFIED TO AND OPINED BY DR. KELLY ANN RENZI, PH.D, PSYCHOLOGIST, (EXHIBIT 6).

22.) DR. MELVIN HINTON CHIEF OF MENTAL HEALTH SERVICES OF THE

OPINION AND TESTIFIED TO THE COURT, DR. HINTON, "THERES NOTHING THAT IS GOOD THING ABOUT BEING IN SEGREGATION." SUPPORTING THIS STATEMENT WAS COURT MONITOR DR. PABLO STEWART WHICH TESTIFIED, "[A] PERSON WITH A PRE-EXISTING MENTAL ILLNESS PLACED IN SEGREGATION WILL HAVE AN EXACERBATION OF THEIR PRE-EXISTING MENTAL ILLNESS." SEGREGATION CAN ALSO CAUSE DEGRADATION OF COPING MECHANISMS AND LEAD TO INCREASES IN SELF HARM AND OTHER ACTING-OUT BEHAVIORS. (EXHIBIT 6 - RASHO VS WALKER ET. AL NO. 07-1298 Pg. 32).

23.) I WOULD ALSO LIKE THE COURT TO REVIEW PAGES 33, 34, AND (35 LINE 952-960) JUST SO THE COURT CAN SEE THE ISSUES AND HOW MENARD CORRECTIONAL CENTER SEGREGATION IS NAMED IN COMPLAINT AND THE COURT CAN SEE I'M BEING PLACED IN AN ENVIORMENT, (SEGREGATION) THAT ALREADY HAVE SO MANY DEFENCANCIES AND A STAFFING PROBLEM PUTTING THIS OFFENDER MORE AT RISK TO HAVE TO DO 90 DAYS SEGREGATION AT MENARD CORRECTIONAL CENTER WHICH IS A FACILITY INADAQUATE IN MENTAL HEALTH. (EXHIBIT 7).

24.) BY PLAINTIFF HAVING A SERIOUS MENTAL ILLNESS THE MENTAL HEALTH PROFESSIONAL WOULD OF REVIEWED PLAINTIFFS HISTORY AND RECORD AND RECOMMANDED TO THE ADJUSTMENT COMMITTEE POSSIBLY NO SEGREGATION, OR SOME, BUT DEFENDANTS WERE DELIBERATE INDIFFERENCE TO MEDICAL/ MENTAL HEALTH NEEDS AS REQUIRED BY LAW PLAINTIFF IS ENTITLED TO, SUCH AS DEFENDANT SCHOENBECK, AMPIER, LAWRENCE.

25.) WHILE DEFENDANTS FAILED TO CARRY OUT PLAINTIFFS GRIEVANCE PRO-CESS BY OBSTRUCTING AND TAMPERING WITH PLAINTIFFS GRIEVANCE SO HE CULD NOT RECIEVE DUE PROCESS AND THOSE DEFENDANTS ARE SHEILA RAMSEY AND JANE/JOHN DOE OF THE GRIEVANCE OFFICE, AS WELL AS THE OTHER DEFENDANTS.

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

1.) EXPUNGE DISCIPINARY SANCTIONS FROM PLAINTIFFS RECORDS

2.) AWARD PLAINTIFF $15,000 FOR PUNITIVE, COMPENSATORY, NOMINAL, AND MENTAL AND EMOTIONAL INJURY/DAMAGES.

3.) All COPIES FEE AWARD PAYMENT FOR THOSE FOR PLAINTIFF.

4.) THE COST OF THIS SUIT BE AWARDED TO PLAINTIFF AS DEFENDANTS ARE CAUSE OF THIS SUITS.

## VI.   JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

RELIEF CONT'D → (NEXT PAGE)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: __10-14-19__
(date)

_____
Signature of Plaintiff

__P.O. BOX 1000__
Street Address

__RAYMOND STINDE__
Printed Name

__MENARD, IL. 62259__
City, State, Zip

__R34993__
Prisoner Register Number

_____
Signature of Attorney (if any)

## RELIEF CONTINUED:

5.) THAT PLAINTIFF BE TRANSFERRED TO A DESIGNATED PRISON, DESIGNATED BY PLAINTIFF THAT MEETS PLAINTIFFS NEEDS AND WILL PROTECT PLAINTIFF FROM ANY RETALIATION FROM DEFENDANTS, AND PLAINTIFFS MENTAL HEALTH NEEDS CAN BE MET AND NOT RE-FUSED AS THE DEFENDANTS DID.

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R34993 | **Counseling Date** | 08/13/19 10:38:14:187 |
| **Offender Name** | STINDE, RAYMOND J. | **Type** | Collateral |
| **Current Admit Date** | 04/23/2009 | **Method** | Grievance |
| **MSR Date** | 09/18/2043 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-06-33 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance office received a grievance #123-8-19 for ODR 7/11/2019, dated 7/28/2019. Forwarded to grievance officer for response.



— EXHIBIT #1 —

- EXHIBIT 2 -

FREE GRIEVANCE

this ODR is out of time frame & not submitted on proper Grievance form

TO: GRIEVANCE OFFICER (GRIEVANCE OFFICE) 9-30-19

FROM: MR. RAYMOND STINDE R34993

DATE: 9-26-19

SUBJECT: "GRIEVANCE ON DISCIPLINARY REPORT FROM 7-11-19
102b - ASSAULT, TICKET #201901269/1-MEN." GRIEVANCE #123-8-19

      I AM RESPECTFULLY WRITING AND REQUESTING
THAT THE ABOVE DISCIPLINARY SANCTIONS BE
EXPUNGED FROM MY RECORD BECAUSE THE ADJUSTMENT
COMMITTEE VIOLATED MY RIGHTS AS STATED IN GRIEVANCE
BUT MY NEW RELIEF IS THAT OF EXPUNGEMENT.

         THANK YOU FOR YOUR TIME!

        RESPECTFULLY SUBMITTED,

        R34993

        N2-6-33

CC:   INMATE STINDE R34993

    N2-6-33

    GRIEVANCE OFFICER  HAND COPY

— EXHIBIT 3 —

DEAR A.R.B,

HELLO, MY NAME IS RAYMOND STINDE
AND I AM RESPECTFULLY WRITING STATING ON
7-28-19 I TURNED IN A GRIEVANCE TO THE GRIEVANCE
OFFICE. MS. RAMSEY WROTE ME BACK AND SAID SHE
RECIEVED IT AND MY GRIEVANCE # IS 123-8-9.
ON SEPTEMBER 26th 2019 I WROTE THE GRIEVANCE
OFFICE ASKING FOR THE EXPUNGEMENT OF SAID
GRIEVANCE.

THE GRIEVANCE OFFICE STATED MY GRIEVANCE
IS OUT OF TIMEFRAME AND THAT IT WAS NOT
SUBMITTED ON A PROPER GRIEVANCE FORM BASICALLY
INDICATING THAT I DONT HAVE A GRIEVANCE
IN ON THIS ISSUE WHICH I DO AND MS. RAMSEY
COUNSELING SUMMARY PROVES I DO HAVE A GRIEVANCE
IN ON DISCIPLINARY REPORT 7-11-19.

I KNOW THAT IF I SUBMIT ANOTHER GRIEVANCE
IT WILL ONLY BE REJECTED BY THE GRIEVANCE OFFICE
AND YOURS I JUST WANTED TO MAKE YOU AWARE OF
WHAT MENARD CORRECTIONAL CENTER IS DOING, PURPOSELY
LOSING MY GRIEVANCE BECAUSE THEY KNEW THEY WOULD HAVE
TO EXPUNGE GRIEVANCE DUE TO THE ADJUSTMENT COMMITTEE
VIOLATIONS. THANK YOU FOR YOUR TIME,

RESPECTFULLY SUBMITTED,

Rl stb

CC: GRIEVANCE OFFICE - COPY
ADMINISTRATIVE REVIEW BOARD-COPY
STINDE R34993-COPY

※EXHIBIT 4※

TO Ms. D. MARCINKOWSKA (RECORDS OFFICE)
FROM RAYMOND STINDE R34993 N2-6-33
DATE 9-9-19
SUBJECT "RECORDS REQUEST"

HELLO, COULD YOU PLEASE SEND ME
A COPY OF ALL MY ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORTS HEARD ON 7/11/19.
MONEY VOUCHER ENCLOSED THANK YOU

P.S. IT SHOULD BE LIKE 5 OR 6
OF THE FINAL SUMMARY REPORTS.

RESPECTFULLY SUBMITTED,

R34993
N2-6-33.

(RECORDS OFFICE)

You have no funds in your account
Resubmit when you have funds

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | | |
|---|---|---|---|---|
| **Name:** STINDE, RAYMOND J | | **IDOC Number:** R34993 | | **Race:** BLK |
| **Hearing Date/Time:** 7/16/2019   08:55 AM | | **Living Unit:** MEN-N2-06-33 | | **Orientation Status:** N/A |
| **Incident Number:** 201901269/1 - MEN | | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/11/2019 | 201901269/1-MEN | JUSTICE, BRANDON D | PNK-R5 CELLHOUSE | 10:05 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 102b | Assault | Guilty |
| | Comments: Threw on staff | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Offender appeared before the committee for charges and plead guilty stating "I threw piss on the officer."

## BASIS FOR DECISION
Based on the observation of the reporting employee, Inmate Stinde, Raymond R34993 asked the R/O to come to Cell 5A38, where he resides. Upon arriving at Cell 5A38, Inmate Stinde threw a liquid substance through the screen of his cell door and stated "How does that piss feel you bitch ass mother fucker!" The liquid substance struck the R/O on both arms. The R/O went to the Health Care Unit to be evaluated and cleaned. Zone Lt. and Shift Commander notified. Inmate Stinde, Raymond R34993 was identified by State ID and Offender 360.
Committee finds inmate guilty based on information provided and accepts the written report to be a factual account of the incident and is satisfied the violations occurred as reported.
Committee finds inmate guilty based on the admission of guilt by the offender.
Inmate Stinde, Raymond R34993 has a past history that includes several citations for same charge.

## DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| 3 Months Commissary Restriction | 3 Months Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| **Basis for Discipline:** Nature of offense | |

## Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| SCHOENBECK, JOSHUA A  - Chair Person | | 07/16/19 | WHI |
| | Signature | Date | Race |
| AMPIER, MARIVON T | | 07/16/19 | ASN |
| | Signature | Date | Race |
| Recommended Action Approved | | | |

**Final Comments:** N/A

— EXHIBIT 5 —

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** STINDE, RAYMOND J          **IDOC Number:** R34993          **Race:** BLK

**Hearing Date/Time:** 7/16/2019   08:55 AM          **Living Unit:** MEN-N2-06-33          **Orientation Status:** N/A

**Incident Number:** 201901269/1 - MEN          **Status:** Final

---

FRANK E LAWRENCE / FEL  7/24/2019                                          07/24/19

**Chief Administrative Officer**                    **Signature**          **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

SANDY L WALKER                                   7/30/2019          02:00 PM

**Employee Serving Copy to Committed Person**          **When Served  -- Date and Time**

EXHIBIT 5

880   that offenders are actually taking their medication, but there have been educational efforts to train

881   staff. (ECF No. 2376 at 277-79). Dr. Stromberger testified that nursing staff are not fully aware

882   of referral protocol when class members refuse medications. (ECF No. 2376 at 48). Dr.

883   Stromberger, however, did note that there had been some educational follow-up on that issue.

884         This testimony is consistent with Dr. Stewart's testimony during the preliminary injunction

885   hearing. Dr. Stewart testified that one major problem is that inmates are given their medications

886   but not monitored closely to ensure they have ingested the pills, especially in segregation. (ECF

887   No. 1757 at 123). Dr. Stewart testified one of the inmates he visited had numerous pills on his

888   person that he had not taken. (ECF No. 1757 at 254). It should be noted that Dr. Puga is certainly

889   aware of these issues and has been working on measures to assist in medication compliance. (ECF

890   No. 2372 at 136-37). Nonetheless, these issues again highlight the general staffing issues and the

891   need for additional measures to be considered.

892   *Mental Health Treatment in Segregation*

893         Segregation refers to an inmate's confinement in his or her cell for a period of 22 to 23

894   hours a day. (ECF No. 1757 at 103). In the IDOC, over 80% of the inmates in the IDOC who are

895   in segregation are mentally ill. (Pl. Ex. 22, 897 out of 1105 inmates in segregation are mentally

896   ill). Dr. Hinton opined that the "percentage of [inmates] who are mentally ill tend to have more

897   behavioral issues, in part because of their mental illness." (ECF No. 1758 at 81). Dr. Hinton

898   further opined that "there's nothing that is a good thing about being in segregation." *Id.*

899   Supporting such an opinion, Dr. Stewart testified "[a] person with a pre-existing mental illness

900   placed in segregation will have an exacerbation of their pre-existing mental illness." (ECF No.

901   1757 at 109). Segregation can also cause a degradation of coping mechanisms and lead to

902   increases in self-harm and other acting-out behaviors. (ECF No. 1757 at 109-111). Dr. Renzi also

903   agreed that segregation can have a negative effect on mental illness. (ECF No. at 2376 at 295).

EXHIBIT 6

904     Inmates Champs, King, Span, and Singleton all testified about their negative experience in

905     segregation. (ECF No. 2376 at 91-112, 113-148; ECF No. 1758 at 271-287, 394-412). Given this,

906     it is clear mental health issues must be addressed for mentally ill inmates in segregation.

907           Under Sections XV(a)(iii), the Parties agreed that:

908
909           Mentally ill offenders in segregation shall continue to receive, at a minimum, the
910           treatment specified in their Individual Treatment Plan (ITP). Treating MHPs and
911           the Warden shall coordinate to ensure that mentally ill offenders receive the
912           services required by their ITP.

913
914 (ECF No. 711-1 at 17). The Settlement Agreement places certain timeframes on MHP's review

915 of, and updates to, the treatment plans for mentally ill offenders placed in segregation. *Id.* Dr.

916 Stewart explained the purpose of this requirement is simple – when you place an inmate "into a

917 segregation system, you need to review and update the treatment plan given the vastly different

918 environment the person is in." [3] (ECF No. 1905 at 82).

919           During the preliminary injunction hearing, Dr. Stewart testified that the IDOC's medication

920 management for those in segregation is worse than for Class Members elsewhere in the system.

921 (ECF No. 1757 at 123). Dr. Stewart specifically noted that there is a significant problem in the

922 failure to ensure that those in segregation who are prescribed psychotropic medication actually

923 take the medication. (ECF No. 1757 at 123). Additionally, there was testimony and evidence

924 during the preliminary injunction hearing regarding Defendants' non-compliance with the out-of-

---

[3] It should be noted that Dr. Stewart also explained that inmates in segregation are:

    [.] some of the sickest individuals psychiatrically that I've seen in my career, and I've only worked
    with seriously mentally ill. And these people are just suffering immensely.

    And so -- you know, and they get nothing. Couple little things thrown at them. But they really
    don't get any sort of regular treatment.

    And so this is a real serious issue, you know. I don't want to put a number on it. It's, it's -- it's as
    serious as I've seen.

(ECF No. 1905 at 182-83).

952    However, it was noted that "received" hours included those that were taken and offered but

953    refused. *Id.* The actual average out-of-cell time was 4.24 hours at Menard, 2.996 hours at Pontiac,

954    and 3.13 hours at Dixon. *Id.* Parenthetically, it should be noted that the majority of structured

955    out-of-cell time was by way of movies. (Pl. Ex. 45A; *see also* ECF No. 2374 at 126[4]).

956        The most significant issue raised by these numbers is the importance of staffing. Dr. Doyle

957    and Dr. Mirsky both testified that refusing group or other mental health services can be a potential

958    indicator of decompensation. (ECF No. 2377 at 48; ECF No. 2370 at 276). Nonetheless, the record

959    indicates a lack of concern or follow-up for those individuals refusing to participate in these

960    activities.

961    *Mental Health Treatment on Crisis Watch*

962        Like segregation, inmates who are on crisis watch are in isolation and additional care is

963    necessary to avoid exacerbating their mental health issues. Crisis refers to an acute exacerbation

964    of mental illness, such as worsening psychosis or mania, or acting out behaviorally, or when

965    someone is acutely suicidal or potentially violent. (ECF No. 1757 at 51-53). The purpose of crisis

966    cells or watches in correctional mental health systems is to, first, protect the individual from self-

967    harm or harming others, and second, to provide appropriate mental health assessment and

968    intervention, such as re-evaluating medication, re-evaluating the psychosocial treatment, and

969    addressing whatever issues precipitated the crisis (ECF No. 1757 at 219; *see also* at 38, Dr. Stewart

---

[4] Dr. Stewart testified about the use of movies as a structured treatment activity:

> It certainly would -- it could contribute to lessening the decompensation, but I don't -- it's not a -- necessarily a therapeutic activity, so I would question its validity for that purpose.

> I think it's a good thing to get people out of their cells and doing anything. I want to be real clear about that.

(ECF No. 2374 at 126).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND STINDE
   PLAINTIFF

 VS

JOSHUA SCHOENBECK, ET. AL
    DEFENDANT

DECLARATION

CIVIL ACTION #

I HEREBY DECLARE THE FOLLOWING: ① I HAVE BEEN DIAGNOSED WITH A SERIOUS MENTAL ILLNESS FOR YEARS NOW. ② THAT THE ADJUSTMENT COMMITTEE WAS PUT ON NOTICE THAT I AM AND HAVE A SERIOUS MENTAL ILLNESS BY HEARING INVESTIGATOR AND ON THE DISCIPLINARY REPORT WHICH IS LABELED S.M.I. ③ THE ADJUSTMENT COMMITTEE DISREGUARDING PLAINTIFF BEING SMI AND GAVE PLAINTIFF MAX SEGREGATION SANCTIONS AS WELL AS OTHER SANCTION THAT A NORMAL OFFENDER WOULD RECIEVE THAT ISN'T S.M.I. ④ THAT FRANK LAWRENCE APPROVED OF THESE SANCTIONS TURNING A BLIND EYE TO THE ADJUSTMENT COMMITTEE DISREGUARDMENT OF PLAINTIFFS MENTAL HEALTH STATUS. ⑤ ON 8-12-19 I TURNED IN MY GRIEVANCE TO THE GRIEVANCE OFFICE. ⑥ ON 8-13-19 THE GRIEVANCE OFFICE COORDINATOR MS. SHELIA RAMSEY RESPONDED THAT SHE RECIEVED IT, DEEMED IT GRIEVANCE #123-8-19 ↑ (EXHIBIT 1) ⑦ THE GRIEVANCE WAS ABOUT THE SAME ISSUES STATED HEREIN, THE ADJUSTMENT COMMITTEE CLEAR DISREGUARD-MENT OF PLAINTIFF BEING S.M.I. ⑧ ON 9-26-19 I WROTE THE GRIEVANCE OFFICE AND THERE RESPONSE WAS I WAS OUT OF THE TIME FRAME AND MY GRIEVANCE WASN'T SUBMITTED ON A GRIEVANCE FORM LIKE PLAINTIFF NEVER SUBMITTED A GRIEVANCE. (EXHIBIT 2) ⑨ I THEN PROCEEDED TO THE NEXT LEVEL, ADMINISTRATIVE REVIEW BOARD, (EXHIBIT 3) MAKING THEM AWARE OF EVERYTHING HERE-IN AND IT WOULD BE USELESS AT THIS POINT TO SUBMIT ANOTHER GRIEVANCE BECAUSE IT WOULD ONLY BE DENIED ON ALL LEVELS AND TIME BARRED. ⑩ THAT PLAINTIFF FOLLOWED ALL PROCEDURES CONCERNING EXHAUSTION OF REMEMDIES AND THAT THE DEFENDANTS HAVE DONE SOMETHING WITH PLAINTIFFS GRIE-VANCE. ⑪ THAT I HAVE WRITTEN THE DEFENDANTS OF THE ADJUSTMENT COMMITTEE IN AN ATTEMPT TO GET A COPY OF MY DISCIPLINARY REPORT AND THEY HAVE NOT RESPONDED. ⑫ THAT I HAVE TRIED TO GET COPYS OUT

MY MASTERFILE AND DUE TO PLAINTIFF BEING INDIGENT I WAS DENIED SO THAT IS WHY I AM UNABLE TO PROVIDE THE COURT WITH A COPY OF MY DISCIPINARY REPORT AND ADJUSTMENT COMMITTEE FINAL SUMMARY, (THE ORIGINAL), DUE ALSO TO PLAINTIFF ATTACHING THOSE 2 DOCUMENTS TO THE GRIEVANCE AS REQUIRED AND THE DEFENDANTS ALLOWING IT TO COME UP MISSING ,(MS. SHEILA RAMSEY).③ THAT DEFENDANT'S SCHOENBECK, AMPIER, AND LAWRENCE WERE ALL DELIBERATE INDIFFERENCE TO THIS PLAINTIFFS MEDICAL/MENTAL HEALTH NEEDS PLAINTIFF WAS ENTITLED TO BY DUE PROCESS OF LAW BY REFUSING TO INVOLVE MENTAL HEALTH PROFESSIONALS BEFORE GIVING PLAINTIFF MAX SANCTIONS.④ MS. SHEILA RAMSEY AND JANE/JOHN DOE WAS IN CHARGE OF MY GRIEVANCE PROCESS AND MAKING SURE I RECIEVED DUE PROCESS. THE RED WRITING ON EXHIBIT 2 CAME FROM SOMEONE FROM THE GRIEVANCE OFFICE.

    I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT PURSUANT TO 28 USC 1746, 18 USC 1621, OR 735 ILCS 5/1-109. I DECLARE I AM THE ABOVE NAMED PARTY OF THIS DECLARATION EXECUTED AT MENARD CORRECTIONAL CENTER IN MENARD, ILLINOIS ON 10-12-19.

                    RESPECTFULLY SUBMITTED,

                    RAYMOND STINDE
                    R34993
                    P.O. BOX 1000
                    MENARD, IL. 62259

UNITED STATE IN THE DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND STINDE )
Plaintiff/Petitioner )
  )
Vs. )        No._____
  )
LT. JOSHUA SCHOENBECK )
Defendant/Respondent )

## PROOF/CERTIFICATE OF SERVICE

TO: CLERK OF THE COURT        TO: _____
UNITED STATES DISTRICT COURT      _____
SOUTHERN DISTRICT OF ILLINOIS      _____
301 WEST MAIN STREET      _____
BENTON, IL. 62812
    PLEASE TAKE NOTICE that at: 9:00 AM/PM  OCTOBER 14th_____, 20_19, I
placed the documents listed below in the institutional mail at   MENARD_____
Correctional Center, properly addressed to the parties listed above for mailing through the
United States Postal Service.
1983 COMPLAINT (11 PAGES), EXHIBITS 1-7, DECLARATION

FROM RAYMOND STINDE, MOTION TO PROCEED/AFFIDAVIT WITHOUT PRE PAYING
FEES OR COST, TRUST FUND CERTIFICATION.
Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury
that I am a named party in the above action, that I have read the above documents, and that
the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 10-14-19

/s/ _____
Name: RAYMOND STINDE
IDOC No. R34993
    MENARD_____ Correctional Ctr.
POB 1000
    MENARD_____, IL
          62259

Revised 4/15/16

DEAR CLERK OF THE COURT,                                          10-14-19

        HELLO, ENCLOSED YOU WILL FIND AN
EXTRA COPY OF COMPLAINT AND EXHIBITS I WOULD
LIKE STAMPED AND FILED AND RETURNED PLEASE.
THANK YOU FOR YOUR TIME.

                    RESPECTFULLY SUBMITTED,
                      RAYMOND STINDE
                    R 34993
                    P.O. BOX 1000
                    MENARD, IL. 62259



RAYMOND STENDE R34993
P.O. BOX 1000
MENARD, IL.
62259

CLERK OF THE COURT
UNITED STATES DISTRICT
COURT
301 WEST MAIN STREET
BENTON, IL. 62812

RECEIVED

OCT 2 1 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

※ LEGAl / PRIVEIAGED MAIL ※