IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND STINDE, #R34993, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA SCHOENBECK, MARIVON T. AMPIER, JOHN/JANE DOE, FRANK LAWRENCE, and SHIELA RAMSEY, <br><br> Defendants. | Case No. 19-cv-01140-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Raymond Stinde, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for violation of due process in connection with the issuance of a disciplinary report. He seeks expungement of his disciplinary report, transfer to a facility that can meet his mental health needs, accommodation of an institutional job, and monetary damages. On April 6, 2020, Stinde also filed a motion for preliminary injunction. (Doc. 13).

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Stinde alleges the following: On July 11, 2019, he was issued a disciplinary report while at Pinckneyville Correctional Center for alleged assault. (Doc. 11, p. 6). That afternoon, Stinde was "emergency transferred" to Menard on a segregation to segregation disciplinary transfer. He went before the Adjustment Committee for a hearing on July 16, 2019, at which he plead and was found guilty. He was disciplined with three months in segregation, three months C-grade status, three months commissary restrictions, and six month contact visit restrictions. Upon review of the Adjustment Committee's final summary, Stinde saw that the Adjustment Committee disregarded that he has a serious mental illness and failed to contact a mental health professional on his behalf for a recommendation prior to imposing the sanctions.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the claims into the following Counts:

> **Count 1:** Fourteenth Amendment claim of violation of due process against Schoenbeck, Ampier, and Lawrence for imposing disciplinary sanctions on Stinde without contacting mental health.
>
> **Count 2:** Eighth Amendment claim of deliberate indifference to a serious medical need against Schoenbeck, Ampier, and Lawrence for imposing disciplinary sanctions on Stinde without contacting mental health.

**Count 3:** Fourteenth Amendment claim of violation of due process against Ramsey and Jane/John Doe for the mishandling of Stinde's grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Counts 1

Count 1 shall be dismissed because Stinde has failed to show that a protected liberty interest was at stake that necessitated the protections demanded by due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Stinde claims that the Adjustment Committee members, Schoenbeck and Ampier, with the approval of Warden Lawrence, denied him due process by implementing disciplinary measures without contacting a mental health professional. He was placed in segregation for ninety days, demoted to C-grade status, and lost commissary and visitation privileges.

First, there is no protected liberty interest implicated in the demotion of status or the temporary loss of certain privileges. *See Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases); *Woody v. Zatecky*, 594 F. App'x 311, 312 (7th Cir. 2015). Second, the Seventh Circuit Court of Appeals has previously concluded four months in segregation, standing alone, does not implicate a protected liberty interest, *Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018), and that simply pleading that imposition of

---

[1] *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 570 (2007). This includes Stinde's claim that his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") were violated. (Doc. 11, p. 6). Stinde does not support this claim with any allegations or assert it against any defendant, and so, claims brought under the ADA and RA are dismissed without prejudice.

disciplinary segregation, "without additional facts about the conditions of confinement, would not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted). Stinde claims that Defendants' failure to contact mental health for review the disciplinary process caused "mental and emotional problems" (Doc. 11, p. 8) and includes quotes from Dr. Hinton in the class action lawsuit *Rasho v. Walker*, 07-cv-1298-MMM (C.D. Ill.), regarding the effects of placing persons with pre-existing mental illness in segregation. He has not included, however, any allegations regarding the conditions of confinement or that he was subjected to an "atypical and significant hardship…in relation to the ordinary incidents of prison life[,]" *Sandin v. Conner,* 515 U.S. 472, 484 (1995), and he cannot "assert a liberty interest arising from the procedures adopted by the parties in *Rasho* or from the Illinois statute and administrative directive which…resulted from that case." *James v. Pfister,* 708 F. App'x 876, 879 (7th Cir. 2017) ("Mentally ill inmates are not constitutionally guaranteed heightened procedural protections, so any state-created liberty interest for mentally ill inmates is subjected to the Due Process Clause only if it passes the test in *Sandin*."). Because he has not alleged that he was deprived of a protected liberty interest, Count 1 will be dismissed.

### Count 2

"[I]n order to establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate." *Pierson v. Hartley*, 391 F. 3d 898, 902 (7th Cir. 2004). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Stinde claims that Defendants were deliberately indifferent by placing him in

segregation without consulting mental health despite knowing that he was diagnoses as seriously mentally ill. As a result, he experienced "mental and emotion[al] problems." (Doc. 11, p. 8). At this point in time, these allegations are sufficient for Count 2 to survive screening against Schoenbeck, Ampier, and Lawrence. *See Matz v. Frank,* 340 F. App'x 323, 327 (7th Cir. 2009) ("If the defendants were aware of a serious mental illness, they had a duty to provide adequate care.").

**Count 3**

Stinde claims that around August 12, 2019, he submitted a grievance regarding the Adjustment Committee's failure to consult with mental health. (Doc. 11, p. 7). He did not receive a response, and so he submitted another grievance on September 26, 2019, asking for his sanctions to be expunged. This second grievance was returned with a notation that it was submitted past the grievance deadline and not on the proper form. (*Id.*). He claims that Defendants were negligent in handling his grievances and failing to properly respond.

Inmates do not, however, have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Additionally, the failure of prison officials to follow their own procedures also does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Count 3 is dismissed.

## MOTION FOR PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Furthermore, a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint).

In his motion for preliminary injunction, Stinde alleges that since arriving at Menard he has not received adequate help from a mental health professional. (Doc. 13, p. 6). He suffers from severe depression, impulse, anger, hearing voices, combative behavior, mood disorders, and combative behavior. Without proper care his conditions will only worsen. He claims that Defendants are trying to remove his serious mental illness ("SMI") designation and asks the Court to ensure that he receives proper care. He also requests a transfer to a different facility, and a court appointed psychiatrist or psychologist to demonstrate to the Court that he has a serious mental illness. (*Id.* at p. 8).

The only claim which survives preliminary review is Count 2 against members of the Adjustment Committee for deliberate indifference to Stinde's serious medical need in July 2019 by failing to consult with the mental health department and placing Stinde in segregation, despite knowing he suffered from a serious mental illness. Therefore, claims regarding ongoing inadequate mental health treatment at Menard are outside the scope

of the First Amended Complaint, and a motion for preliminary injunction is not a proper avenue to pursue additional claims. For these reasons the motion is denied.

Stinde has also filed a "Declaration" with the Court making additional allegations regarding his mental health treatment at Menard. The Declaration is an improper attempt by Stinde to supplement the First Amended Complaint. Although leave to amend a complaint is usually granted freely at the early pleading stage, the Court does not accept piecemeal amendments to a complaint. Stinde is advised that an amended complaint must include all claims against all defendants. An amended complaint also supersedes and replaces the original complaint, rendering it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Accordingly, the Clerk of Court is **DIRECTED** to **STRIKE** the Declaration at Doc. 14.

## DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 2** shall proceed against **Schoenbeck, Ampier,** and **Lawrence**. **Counts 1** and **3** are **DISMISSED** without prejudice. Defendants **John/Jane Doe** and **Shiela Ramsey** are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to terminate them as defendants in this action.

The Motion for Preliminary Injunction (Doc. 13) is **DENIED without prejudice**. The Clerk is **DIRECTED** to **STRIKE** the Declaration at Doc. 14.

The Clerk shall prepare for **Schoenbeck, Ampier,** and **Lawrence** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of

the First Amended Complaint (Doc. 11) and this Memorandum and Order to Defendants' place of employment as identified by Stinde. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Stinde, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Stinde, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Stinde is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b)

**IT IS SO ORDERED.**

DATED:   April 8, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Mason is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Mason need not submit any evidence to the Court at his time, unless otherwise directed by the Court.